UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Dana Margot McAllister,　　　　　　　　　　Case No. 16-57053-PJS
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　Debtor.　　　　　　　　　　　Hon. Phillip J. Sefferly
_____/

Tarek Younes,
　　　　　　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 17-4174

Dana Margot McAllister,
　　　　　　　　　　Defendant.
_____/

ORDER ABSTAINING FROM HEARING REMOVED PROCEEDING,
AND IN THE ALTERNATIVE, REMANDING BACK TO STATE COURT

On December 22, 2016, Dana Margot McAllister ("Debtor") filed a Chapter 13 case. The Debtor has not yet confirmed a plan in her case. On March 2, 2017, the Debtor filed a notice of removal under 28 U.S.C. § 1452, of case no. FMCE07013561 ("State Court Case") from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, Civil Division, Family Court. In her notice, the Debtor explains that she reopened the State Court Case "to determine alimony and the division of assets for the divorce of 2008." The Debtor asserts 28 U.S.C. § 1334 as the jurisdictional basis for removal of this "non-core proceeding." On the adversary proceeding cover sheet, the Debtor explains the relief sought is "to equitably distribute assets/liabilities from marriage, i.e. student loans."

The Debtor attached part of the docket for the State Court Case, which states that there was a final judgment of dissolution of marriage on January 10, 2008. The docket also reflects recent activity in the State Court Case, apparently related to the Debtor's motion for modification of

spousal support. As of February 28, 2017, the State Court Case had been referred to mediation.

Ordinarily, when a notice of removal is filed, the Court schedules a status conference to enable it to learn what the removed proceeding is about, to ascertain the Court's jurisdiction to hear the removed proceeding, and to create a schedule for further proceedings. However, where a notice of removal seeks to remove a proceeding that patently does not belong in the bankruptcy court, the Court need not schedule a status conference, nor otherwise wait to act. This is such a case. The Court will not set this matter for further proceedings, as they will not advance the decision making process. For the reasons that follow, the Court will abstain from this matter and, in the alternative, remand to the Broward County Circuit Court.

"Permissive abstention and equitable remand may be raised *sua sponte* by a court notwithstanding the absence of a motion to remand by any party." Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 61 (S.D.N.Y. 2011) (citing in part In re Gober, 100 F.3d 1195, 1207, n.10 (5th Cir. 1996)) (other citation omitted). See also In re Fruit of the Loom, Inc., 407 B.R. 593, 598-99 (Bankr. Del. 2009) (finding that a waiver of the right to seek mandatory or permissive abstention did "not prevent [the court] from sua sponte addressing the issue of permissive abstention").

Permissive abstention applies to civil proceedings arising under title 11, arising in a case under title 11, and related to a case under title 11, and is governed by 28 U.S.C. § 1334(c)(1), which provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Because "the interest of justice" and "the interest in comity" are fluid concepts, courts look at many factors in determining whether to apply permissive abstention, including

(1) the effect or lack of effect on the efficient administration of the estate if a court abstains;
(2) the extent to which state law issues predominate over bankruptcy issues;
(3) the difficulty or unsettled nature of the applicable state law;
(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) the substance rather than form of an asserted "core" proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of this court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of nondebtor parties; and
(13) any unusual or other significant factors.

Kmart Creditor Trust v. Conway (In re Kmart Corp.), 307 B.R. 586, 596-97 (Bankr. E.D. Mich. 2004) (citations omitted).

The State Court Case raises only Florida family law issues that are easily severable from the Debtor's Chapter 13 case, and it involves a non-debtor party. The removal most certainly involves forum shopping by the Debtor. Moreover, the State Court Case falls within the domestic relations exception, which limits the jurisdiction of federal courts.

> More than 150 years ago, in 1859, the Supreme Court announced a policy, now often called the "domestic relations exception," resulting in federal courts having "no jurisdiction over suits for divorce or the allowance of alimony." Ankenbrandt v. Richards, 504 U.S. 689, 693 (1992) (citing and explaining Barber v. Barber, 21 How. 582 (1859)). There is no reason for this court to summarize the history or explain the Supreme Court's analysis of the genesis and ratification of the domestic relations exception . . . . It is sufficient to quote,
> > We conclude, therefore, that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> Ankenbrandt, 504 U.S. at 703.

-3-

Lewis v. Lewis (In re Lewis), 423 B.R. 742, 753 (Bankr. W.D. Mich. 2010). "'Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.'" In re Griffith, 203 B.R. 422, 425 (Bankr. N.D. Ohio 1996) (quoting Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981)). "[B]ankruptcy court authority should not be exercised when it is clear that the bankruptcy action is merely a continuation of a previously litigated dispute between divorced spouses." Id.

For all these reasons, the Court finds that permissive abstention is proper.

Alternatively, 28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The equitable factors that courts consider include:

1. duplicative and uneconomical effort of judicial resources in two forums;
2. prejudice to the involuntarily removed parties;
3. forum non conveniens;
4. a holding that a state court is better able to respond to a suit involving questions of state law;
5. comity considerations;
6. lessened possibility of an inconsistent result; and
7. the expertise of the court in which the matter was pending originally.

Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.), 158 B.R. 442, 444 (Bankr. N.D. Ohio 1993) (citations omitted). "While the grounds relevant to equitable remand do not align perfectly with those for permissive abstention, '[t]he analysis under § 1334(c)(1) is largely the same as under § 1452(b).'" Rachmale v. Conese, 515 B.R. 567, 573 n.8 (Bankr. E.D. Mich. 2014) (quoting In re National Century Fin. Enterpr., Inc. Inv. Litig., 323 F. Supp. 2d 861, 885 (S.D. Ohio 2004)).

All of these factors weigh in favor of equitable remand.

The Court also notes that, if a party filed a timely motion for mandatory abstention, the Court

would be required to grant it. Mandatory abstention covers matters related to a case, and is governed by 28 U.S.C. § 1334(c)(2), which reads as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In Lindsey v. Dow Chemical Co. (In re Dow Corning Corp.), 113 F.3d 565, 570 (6th Cir. 1997), the Sixth Circuit Court of Appeals identified the elements that are necessary for mandatory abstention to apply: (1) there must be a timely motion for mandatory abstention filed by the party requesting abstention; (2) the civil proceeding that is the subject of the motion must be based upon a state law claim or cause of action; (3) the civil proceeding must lack a basis for federal jurisdiction absent the bankruptcy case; (4) the civil proceeding must be commenced in a state forum of appropriate jurisdiction; (5) the civil proceeding must be capable of timely adjudication in the state forum; and (6) the civil proceeding must be a non-core proceeding related to a case under title 11.

The claims that the Debtor seeks to adjudicate from the State Court Case are based upon state law claims or causes of action. The Debtor has not identified a federal jurisdictional basis for this Court to hear the claims in the State Court Case absent her bankruptcy case. Because the Broward County Circuit Court entered the judgment of divorce, it presumably is a state forum of appropriate jurisdiction. There is no evidence that the Broward County Circuit Court is not capable of timely adjudicating the State Court Case. The last factor is that the civil proceeding be a non-core matter related to a case under title 11. A civil proceeding is "related to" a case under title 11 "if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy . . . ." Michigan Employment Security Commission v.

-5-

Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1144 (6th Cir. 1991) (citation omitted). The State Court Case involves claims that do not arise in or under the Bankruptcy Code but are, at most, related to the Debtor's bankruptcy case. All of the elements of mandatory abstention are present. Therefore, if a party filed a timely motion, the Court would be required to abstain from hearing the State Court Case.

The Court understands that the Debtor is pro se. But that does not change the fact that the Debtor's divorce proceeding belongs in Broward County Circuit Court – not here. Just because the Debtor is in a pending bankruptcy case does not mean that every dispute in the Debtor's life must be heard by the bankruptcy court. Accordingly,

**IT IS HEREBY ORDERED** that the Court abstains from hearing the State Court Case under the permissive abstention provision of 28 U.S.C. § 1334(c)(1).

**IT IS FURTHER ORDERED**, in the alternative, that the Court remands the State Court Case under 28 U.S.C. § 1452(b).

.

**Signed on March 08, 2017**

                                          **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**